UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SWIFT TRANSPORTATION CO., INC. | CIVIL ACTION |
| VERSUS | NO:   07-9007 |
| VEOLIA WATER NORTH AMERICA OPERATING SERVICES, L.L.C. | SECTION: "C" (3) |

## ORDER

Before the Court is plaintiff's Unopposed Motion to Stay Proceedings (Rec. Doc. 13) pending resolution of the concurrent state law claim filed in 29th Judicial District Court for the Parish of St. Charles.

A district court's decision to stay a matter when a federal and state law suit are parallel, have the same parties and the same issues is governed by *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976);. *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir.2002).  Under *Colorado River*, a district court may abstain from a case only under "exceptional circumstances." *Colorado River*, 424 U.S. at 813 (describing abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it"). To decide whether exceptional circumstances exist, a court must look at six factors: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir.2002). A

court must not apply these factors mechanically, but carefully balance them on a case-by-case basis, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem 'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The instant matter involves the state law property damage claim between Swift and Veolia Water North America ("Veolia"), arising from a tractor-trailer/pick-up truck collision on the 1-10 over the Bonne Carre Spillway; concurrent personal injury actions are consolidated and pending in state court with a trial date of April 27, 2009. Considerable discovery has already occurred in the state court proceeding and both parties to the federal litigation have agreed to be bound by the jury allocation of fault in the state court proceeding. The parties agree that little discovery has happened in the federal matter and the Court has not yet ruled on any contested substantive motions in this matter. Moreover, plaintiff has informed this Court that both parties to the federal litigation are parties to the consolidated state court proceedings and that all claims present in the federal proceeding are encompassed in the consolidated state court proceeding. For the reasons above, the Court finds that second, third, fourth, fifth, and sixth *Colorado River* factors favor abstention.

Accordingly,

The Court GRANTS plaintiff's Unopposed Motion to Stay Proceedings pending resolution of the parallel state court proceedings in 29th Judicial District Court for the Parish of St. Charles. (Rec. Doc. 13).

It is also ORDERED that this matter shall be administratively closed for statistical purposes; that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition. This order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana, this 19th day of December, 2008.

                                              **HELEN G. BERRIGAN**
                                              **UNITED STATES DISTRICT JUDGE**